### RAYMER v. BLAKE.

APPEAL AND ERROR—HARMLESS ERROR—MISCARRIAGE OF JUSTICE.
  Where there is nothing in the record to show that defendant's ability to make a full defense upon the merits was prejudiced by the trial court's refusal to grant his motion to strike the cause from the calendar because the plaintiff did not have the right, under 3 Comp. Laws 1915, § 13763, to have the cause placed thereon, for that term, defendant taking no part in the trial, the judgment for plaintiff will not be reversed, in view of 3 Comp. Laws 1915, § 13763.

Error to Eaton; Smith (Clement), J. Submitted January 9, 1920. (Docket No. 52.) Decided February 27, 1920.

Summary proceedings by Charles E. Raymer, and another against Dexter Blake. There was judgment of restitution before the commissioner, and defendant

appealed to the circuit court. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Fred J. Slayton,* for appellant.

*Peters & Marshall,* for appellees.

CLARK, J. From a judgment of a circuit court commissioner defendant appealed. The appeal was filed in circuit court April 23, 1919. Notices of retainer were exchanged by counsel and filed. Plaintiffs' attorneys on April 30, 1919, filed and served on defendant and his attorney a notice as follows:

"You will please take notice that the above entitled cause was on the 30th day of April, A. D. 1919, duly placed on the calendar for trial of the April, A. D. 1919, term of said court."

The first day of the April, 1919, term of the circuit court was April 14th. Defendant moved to strike the cause from the calendar, challenging plaintiffs' right under section 5, chapter 18, judicature act of 1915 (3 Comp. Laws 1915, § 12577), to have the cause placed on the calendar of the April term of circuit court. The motion was denied on May 15, 1919. The cause came on for trial May 16, 1919, the defendant taking no part, and judgment was entered for plaintiffs. Defendant's assignments of error question the right of the court to place the cause on the calendar of the April term and say that it was error to deny the motion to strike the same from the calendar. Comment on defendant's contention would be dictum as the judgment must be affirmed for the reason that there is nothing in the record to show that defendant's ability to make a full defense upon the merits was prejudiced by the court's refusal to grant the motion to strike the cause from the calendar, and without such a showing, this court must regard the error, if any was committed (which we do not con-

cede) as not warranting a reversal. See *Killackey* v. *Killackey*, 156 Mich. 127. And because of the statute; section 28, chapter 50, judicature act of 1915 (3 Comp. Laws 1915, § 13763), we must reach the same conclusion.

The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.